1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ERVIN MIDDLETON,                              )
                                              )
                    Plaintiff,                )        Case No. 2:13-cv-01421-GMN-GWF
                                              )
vs.                                           )        **ORDER**
                                              )
PLUS FOUR, INC.,                              )
                                              )
                    Defendant.                )
_____)

     This matter comes before the Court on Plaintiff Ervin Middleton's ("Plaintiff") Application to Proceed in Forma Pauperis (#1), filed on August 08, 2013. Plaintiff attached his Complaint (#1-1) to the Motion to Proceed in Forma Pauperis.

### BACKGROUND

     Plaintiff brings this action for damages and injunctive relief under the Fair Debt Collection Practices Act ("FDCPA"),15 U.S.C. 1692, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681.  As the Court understands Plaintiff's allegations, Defendant failed to validate two debts after receiving notice of their disputed status. Furthermore, Plaintiff alleges the Defendant failed to note the disputed status of the accounts with the credit reporting agencies and posted derogatory information on Plaintiff's credit report.

### DISCUSSION

**I.        Application to Proceed In Forma Pauperis**

     Plaintiff filed this instant action and attached a financial affidavit to his Application and Complaint as required by 28 U.S.C. § 1915(a).  Having reviewed Plaintiff's financial affidavit under section 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed in forma pauperis in federal court is granted.

1

## II.    Screening the Complaint

2    Upon granting a request to proceed in forma pauperis, a court must additionally screen a

3  complaint under section 1915(a).  Federal courts are given the authority to dismiss a case if the

4  action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or

5  seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

6  When a court dismisses a complaint under section 1915(a), the plaintiff should be given leave to

7  amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of

8  the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

9  F.3d 1103, 1106 (9th Cir. 1995).

10    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint

11  for failure to state a claim upon which relief can be granted. The Court applies the same standard

12  under section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

13  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any

14  set of facts in support of the claim that would entitle him to relief. *See Morley v. Walker*, 175 F.3d

15  756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of

16  material facts stated in the complaint, and the court construes them in the light most favorable to

17  the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se*

18  complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes

19  v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). A

20  properly pled complaint must provide a "short and plain statement of the claim showing that the

21  pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,

22  555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than

23  labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v.

24  Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court

25  must accept as true all well-pled factual allegations contained in the complaint, but the same

26  requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the

27  elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.

28  ...

2

**A.**     **Plaintiff's Fair Debt Collection Practices Act Claims**

To establish a claim under 15 U.S.C. § 1692 *et seq.,* Plaintiff must prove that 1) plaintiff was a "consumer" as defined by 15 U.S.C § 1692a(3); 2) the "debt" arose out of a transaction that was "primarily for personal, family or household purposes" (*see* 15 U.S.C. § 1692a(5)); 3) the defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6); and 4) the defendant violated § 1692's prohibitions.

Here, Plaintiff has pled that Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3). Plaintiff, however, failed to plead that the "debt" arose out of a transaction that was "primarily for personal, family or household purposes" pursuant to § 1692a(5). Therefore, Plaintiff's Complaint fails to state a claim under the FDCPA for which relief can be granted.  The FDCPA's definitions of "consumers" and "debt" specifically restrict the coverage of the act to personal, family or household consumer transactions. Therefore, it is vital to a claim under the FDCPA that Plaintiff plead the debts were for personal, family, or household purposes rather than, for example, business purposes. Furthermore, though Plaintiff pled sufficient factual allegations to support a violation under § 1692g(b), cited in Complaint (1-1) as 15 U.S.C. § 2042g(b), Plaintiff failed to plead sufficient facts to support his additional claims under § 1692e(2) and § 1692f(1).

**1.**     **Plaintiff's Claim Under** § 1692e(2)

15 U.S.C. § 1692e(2) states that: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes the "false representation of the character, amount, or legal status of any debt." Although the text of the FDCPA is silent as to whom the representation has to be made for it to be actionable under § 1692e(2), the Seventh Circuit has held that the Act does not extend its protection beyond the consumer to third parties unless the third party has a special relationship to the consumer. *See O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 944 (7th Cir. 2011).  The FDCPA regulates communications directed at the consumer and attempts to stretch the Act beyond its text and purpose have been rejected. *See Tinsley v. Integrity Financial Partners, Inc.*, 634 F.3d 416 (7th Cir. 2011).

3

Here, the only facts Plaintiff alleges regarding his claim under § 1692e(2) are that Defendant made false, deceptive, or misleading representations to the credit reporting agencies by failing to disclose the disputed status of the accounts and posting derogatory information on Plaintiff's credit report. As such, Plaintiff fails to plead sufficient facts to state a claim under 15 U.S.C. § 1692e(2). To allege a claim under § 1692e(2), Plaintiff must plead facts alleging false, deceptive, or misleading representations made to Plaintiff by Defendant in connection with the collection of any debt.

As pled, however, Plaintiff's allegations fit within § 1692e(8). Under the FDCPA, the term communication, means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. 1692a(2). Therefore, a debt collector's reporting of a consumer's debt to a credit reporting agency would be covered by § 1692e(8) if the communication is false, deceptive, or misleading. *See Brady v. Credit Recovery Co., Inc.,* 160 F.3d 64, 67 (1st Cir. 1998).

### 2.   Plaintiff's Claim Under § 1692f(1)

15 U.S.C. § 1692f states that: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Such means include but are not limited to, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Plaintiff alleges in his Complaint (1-1) that, "Defendant violated 15 U.S.C. § 1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Such assertion merely amounts to a recitation of § 1692f(1) supported only by a conclusory allegation which does not satisfy Plaintiff's pleading requirements pursuant to *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To state a claim under § 1692f, consumers have alleged that debt collection companies unfairly and unconscionably added miscellaneous fees in addition to the alleged debt without explaining the additional charges. "[The] 'amount of debt' provision is designed to inform the debtor ... of what the obligation is, not what the final, worst-

case scenario could be." *See Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003). Therefore, Plaintiff must allege facts that show how Defendant violated § 1692f's prohibitions to pursue this claim.

### B.    Plaintiff's Fair Credit Reporting Act Claims

Because there is no private right of action under 15 U.S.C. § 1681s-2(a), Plaintiff must bring a claim under subsection § 1681s-2(b). To prevail on a claim against a furnisher under § 1681s-2(b), a consumer must prove that 1) the furnisher provided inaccurate information to the credit reporting agency ("CRA"); 2) the CRA notified the furnisher of a dispute; and 3) the furnisher failed to conduct a reasonable investigation into the accuracy of the disputed information, in light of the information provided to it by the CRA. *See Gorman v. Wolpoff & Abramsom, LLP.*, 584 F.3d 1147, 1154 (9th Cir. 2009).  A consumer's direct notification to the furnisher of an inaccuracy in the credit report does not trigger the furnisher's liability in a private action under the FCRA for a failure to reasonably investigate the dispute. *Id.*

Here, Plaintiff alleges that Defendant violated 15 U.S.C. § 1681 by failing to validate two debts and reporting inaccurate information, or debts known to be disputed, to a credit reporting agency. Plaintiff, however, failed to allege Defendant was notified by a CRA of the disputed debts. Because a consumer's direct notification to the furnisher of an inaccuracy in the credit report does not trigger the furnisher's liability under the FCRA, Plaintiff must allege that Defendant was notified of the disputed account by a CRA to establish a claim under the FCRA.

Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted.  The Court will grant Plaintiff leave to amend his Complaint in accordance with the above discussion. In the event Plaintiff elects to proceed in this matter by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**.  Plaintiff shall not be required to pay the $400.00 filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30) days** from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies.  Failure to comply with this Order may result in the dismissal of this action.

DATED this 7th day of March, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge

6